Good afternoon. We have three cases this afternoon, and the first one, number 17-3104, Holland v. Rosen. I just want to start out by noting, when this case was postponed, initially, without thinking, I had set it for January 17, and not realizing it was the day after you had oral argument, I think, at the Supreme Court. I was saying it was like three days or something, so I apologize. This day fits much better, I'm sure, for everyone, or most everyone. And there was no intent back then to have you run from one argument to another the next day. Mr. Clement. Thank you, Your Honors, and thank you for accommodating our request to move back the argument a month. I endeavor to save three minutes for rebuttal. That's fine. Your Honors, there are a number of critical issues presented on this appeal, and I am here to answer your questions on any and all of them. But at the outset, I would like to focus on two related problems with the New Jersey statute that I think make clear that the statute is unconstitutional, and also may help streamline the issues that the court needs to resolve. The first of these issues is that the New Jersey statute directs courts, consistent with the principle that I think emerges from Stack v. Boyle, to pick the least restrictive combination of conditions necessary to achieve the government's objectives by restraining liberty of retrial. But at the same time that the statute directs the courts to pick the least restrictive combination of conditions, it takes off the table entirely one potential condition that's actually been the historically preferred option for two centuries, namely monetary bail. How does it take it off the table? It takes it off the table because at the critical second step of the process, after the first thing the court is supposed to do is consider a release on your own recognizance. But once it gets past that point and says this isn't an appropriate case for that, then it tells the court to pick the least restrictive combination of non-financial conditions, and then it lists all of them up to and including house arrest with 24-hour electric money. Isn't that an over-equitable system for the vast majority of people accused of crimes? I don't think it is, Your Honor, but I think ultimately the question is, by putting the monetary bail option behind glass, emergency break-only glass, it skews the analysis for every individual because instead of the court being asked, find us the least restrictive combination, they basically said pick the least restrictive combination, but don't consider monetary bail and do consider something as restrictive of pre-trial liberty. But before it does that, doesn't the court have to satisfy itself that there are assurances the defendant will appear at the next proceeding? With that, it imposes the least restrictive means that it will achieve. I think that's right, Your Honor, but I think that in that process of figuring out whether or not the conditions satisfy the State's three interests, which are flight risk, future dangerousness, and obstruction of justice, that in addressing those three conditions,  So how is it unconstitutional then? It's unconstitutional because they are foreclosed. The New Jersey judge that's doing that inquiry is categorically foreclosed from considering monetary bail as one of the conditions. You're saying monetary bail must be considered under all circumstances? It must be at least considered. It doesn't have to be imposed. You may have somebody, I mean, take one defendant, for example. Zero flight risk, very dangerous individual. Now, for that person, you want bail to be sort of on the table, as it is in the federal system. But that's not going to be a good case for bail. On the other hand, take the opposite. Take somebody who, some tax evasion involving a bunch of foreign subsidiaries. So, not particularly dangerous, huge flight risk. Now, under the New Jersey system, even though a high monetary bond might be the perfect and least restrictive solution for that potential individual, the New Jersey judge can't even consider monetary bond, and as a result is effectively forced by statute to put that person under house arrest if that's the only way to deal with bail. I don't see the U.S. Constitution as guaranteeing a cash bail. Well, even if it doesn't, it prohibits excessive bail. I don't see it as a guaranteed bail. In fact, there's no Supreme Court case that's ever said that, has it? Well, statute of rule comes close, but obviously Salerno, based on the plain text of the clause, reserves that question. But I don't think, and this is why I'm trying to focus on this idea that New Jersey simultaneously says pick the least restrictive conditions, but then puts bail out of the lens unless none of those work. So is that how you distinguish your situation from Salerno, in that Salerno doesn't subordinate cash bail to other conditions? Well, I think our case is completely different from Salerno. I'm happy to sort of address it the various ways. I think Salerno is actually a helpful case for us, because what Salerno says is that before you restrict somebody pretrial for future dangerousness, that implicates substantive due process, and you have to impose a lot of certain procedural protections. Here, somebody like Mr. Holland got his pretrial liberty severely restricted. I mean, he's under house arrest with an electronic 24-hour monitoring. Didn't he agree to these conditions? Well, he agreed to them because he wasn't offered a constitutionally compliant hearing. And so I think it's... There was a motion for detention, and to get out of that he made an agreement that these conditions, these non-monetary conditions would work out, and that he would also be in the PML plus three category. But he did that. I mean, to be sure, but think of the choice he was given. He was given a choice between a process that couldn't consider monetary bail at all, but could consider home arrest with electronic monitoring. That was option one. And then his second option was the possibility of being incarcerated in jail. But he also had a choice followed up, supplemented by a choice. He could have gone forward with the hearing at the time, and even today he could go back and seek to have an amendment or a modification of those conditions. Could he not if circumstances change? Well, I think he could try to say that circumstances has changed. I think it's unclear whether that's true based on simply the ability to raise new legal arguments or it has to be factual circumstances. On the other hand, just to be clear, I mean, there are real reasons why he wouldn't want to do that, including the fact that Maywell reset the speedy trial clock, the state's speedy trial clock in ways that would severely prejudice his ability to actually get a trial and get these restrictions on his liberty removed. But just to be clear, I think it is very clear that you do not waive your objection to a constitutionally deficient process if you simply decide that rather than essentially run the gauntlet of a constitutional deficiency. That's a good point. The point is only that this isn't the most empathetic person for this type of suit, is it? You take what you have in mind now. And one of the Supreme Court cases in this area makes the point that most of our signal and important civil liberties have been decided in the context of cases brought by people that you might not want to have over to the House for dinner. So where do you get this premise that you're entitled to cash bail? What's that tethered to? Well, I think the clearest place it's tethered to is some combination of the bail clause and the substantive due process clause. And I want to elaborate on that answer. But the argument that I'm starting with today doesn't even require you to embrace that. Because if you embrace the other side's position and say that monetary bail isn't the only kind of bail that is embraced within the Eighth Amendment, but certainly monetary bail is included in the concept of bail. It is included, but not as an absolute constitutional right as I understand it. Well, I want to address that, but my point is put aside absolute constitutional right. As long as it's included, then there's a fundamental problem with the statute because it guarantees that there's going to be excessive conditions of release. And if the concept of bail includes non-monetary and monetary conditions, then it seems to me that if you impose pretrial restrictions and you don't even consider the possibility that monetary bail might be a less restrictive condition, you are guaranteeing excessive bail conditions. This is the process, the problem that the Ninth Circuit identified in Hernandez against Sessions, only in reverse. You say because the Constitution refers to excessive bail, that means that you must have bail in all cases? Ultimately, I'd like to make that argument, but I just want to be clear. My argument here that I'm making doesn't depend on that. Because even if they could take away bail entirely, I think if they did, then I'd be here with a big substantive due process argument. But my point is what they can't do is say we are going to have a broad concept of bail that includes monetary bail in some cases, but we really prefer non-financial conditions of release. If those non-financial conditions of release come within the rubric of bail, then they still have to pick non-excessive ones. What's excessive about the conditions imposed on your client? He's charging attempted murder as I understand it. Second degree aggravated assault. Okay, second degree aggravated assault. What's excessive about the conditions that were imposed on this individual? What's excessive about this is, think about home detention, think about 24-hour ankle monitoring, and think about the fact that that was imposed without any consideration of monetary bail as even a possibility to ameliorate the flight risk. And then think about what evidentiary showing the state had to make to impose that incredible imposition on a presumptively innocent individual. Nothing. They didn't have to show clear and convincing evidence. But an imposition would have meant to hold them in custody. That would have been an even greater imposition, but I don't think the Constitution is indifferent to taking a presumptively innocent individual and putting them under house arrest and imposing 24-hour electronic monitoring. I think that shows what's wrong. We suspect under the state's old system, a high bail might have been set because of the nature of the charge. Aggravated assault. And we sure wish that that had been even an option in this case. If he had been able to post the bail, he previously had two jobs, one of which was across the state line. He essentially had to give up one of his two jobs because of these conditions on his liberty. And ultimately what I'm asking for is a system that helps individual liberty by giving somebody like Mr. Holland and others the option to put on the table. How would the old system serve the liberty interests of indigent defendants? It might not, Your Honor, but these are not mutually exclusive goals. I mean, we're not here to try to take out all of New Jersey's reforms. You know, to the extent that somebody is being detained based on a bond they can't pay, that's a problem. And it's not a problem that benefits the bail industry because if the person can't pay, the bail industry doesn't make any money off of this either. I mean, so that is an independent problem. It is a serious problem. It's not independent because that's the thrust of New Jersey's change in the law. And indigent defendants in a case like this may end up staying in jail because they can't come up with the money to pay the bail or the amount that's required as a fee to a bondsman. Your Honor, they are not mutually exclusive. And if you think about the principal relief I'm asking for is that bail be taken outside of the emergency glass, put into the mix, and considered in developing the least restrictive condition of release. And we're not taking any issue with the New Jersey provisions that say that if there is a bond amount, because even New Jersey laws that exist at least have the theoretical possibility of it being. Your argument is essentially there has to be a monetary bail imposed in all cases. No. I'm saying it should be an option. I mean, if they want to make, if they want to give, in every case, if they want to give two options, here's what your bail amount would be and here's the non-bail amount restrictions, I would love that. But I'm not sure I'm entitled to that as a matter of constitutional right. What I think I am entitled to as a matter of constitutional right is essentially the same system that subsists in the federal courts in D.C., which is the judge, when he's picking, or she is picking the least restrictive set of conditions necessary to satisfy all of the government's objectives, they can't ignore monetary bail entirely. In some cases, it's going to be part of what makes things less restrictive. It sounds like what you're saying through the lines is that state courts must offer monetary bail. I'm not saying that. I think if they did, it satisfies the constitutional problem. What I'm saying, though, is in picking the least restrictive combination of conditions, which is both what I think is the constitutional requirement, but it's New Jersey state law, in picking the least restrictive set of conditions, you can't ignore entirely the possibility that monetary bail, in particular cases, might be part of what makes the conditions less restrictive. I still don't see the constitutional problem. Because the Constitution doesn't say that you, a defendant, has an absolute right to cash bail. So, Judge Weiss, let me try to illustrate it this way. Suppose what New Jersey did is say, you can consider monetary bail, consider all the conditions, and what the state should pick is the second less restrictive set of options. It's just you have to identify what would be the least restrictive and the most constitutionally valid, but then you have to pick the second best solution. I think that would be a constitutional violation. I think it would be a constitutional violation of both the excessive bail clause and the due process clause. And it would seem to be obvious why it's a problem. And you don't have to decide whether you have an absolute right to monetary bail or any of that. They're just forcing you to pick the second best thing. And I think this statute operates the same way. It says, pick the best thing, but while you're picking the best thing, don't even think about monetary bail. Well, doesn't the statute allow for the court to consider monetary bail if risk of flight is one of the considerations? No, not in the first instance. So the way the statute works, and I think this is critical, is that in order to consider monetary bail, and once you get to considering monetary bail, you're correct, and you can only consider it for flight risk. But before you get there, you have to exhaust every other non-financial condition. And that might not be a huge problem if the other non-financial conditions are report to the court and stay away from the victim and maybe have a drug test or something. But when they add to the non-financial conditions that essentially have to be exhausted before you can even consider monetary bail for flight risk, when they add home detention and 24-hour monitoring, the game's over. Because you showed me the defendant whose flight risk can't be managed with home arrest and 24-hour electronic monitoring, but nonetheless everything's going to be hunky-dory if they post a $20,000 bond. I mean, I don't think they sort of put something as an obstacle to getting to monetary bail that's a greater included idea. And at the same time, it's hugely in position as a huge imposition on the liberty of somebody who's presumptively innocent. And do I emphasize that we're doing this for future dangerousness? I think that exacerbates the problem. Do you dispute the Arnold Foundation's research that money bail is more likely to detain gullible defendants? I probably do, Your Honor, but I don't think I need to take issue with it in order to prevail in this case. What you've got is a significant problem that's been brought out in New Jersey, and there is a cross-section of groups of government that are trying to work something out. And they're finding, you know, based on things like this research, that money bail keeps more people in jail than otherwise should be. And they're trying to come up with a system. And you're saying, well, they came up with a system, but for people that I represent, Mr. Holland and Lexington, to the extent Lexington has standing, that, hey, it's a constitutional violation of the Eighth Amendment, due process, either a substantive due process or due process under a procedural or Fourth Amendment. Of those four arguments, which one do you think is the strongest constitutional argument that you have? Well, if you only give me one, I mean... No, no, you can just, I'm just saying, prioritize them. Yeah, I mean, I would, you know, I think substantive due process, you know, although, you know, I was trained by somebody not to say those words. No, no, you know, I do think because Salerno focuses on substantive due process and applies what the court itself in later cases has understood to be heightened scrutiny, I do think substantive due process is the easiest way to decide this case. It is not a shocks-the-conscious standard, and this court's cases make that clear, that it's shock-the-conscious when you're dealing with executive action, but when you're dealing with a challenge to a statute, legislative action based on the substantive due process, it is not a shocks-the-conscious, and I think Salerno, as interpreted by the courts in lower cases and the Ninth Circuit in cases like Hernandez against Sessions and in Lopez Valenzuela, you know, you really, before you are restricting somebody's liberty who's presumptively innocent, you need to satisfy heightened scrutiny, and that's why I was saying to Judge Restrepo that the fact that they're so focused on future dangerousness is, I think, makes the problem worse. But I think the argument on substantive due process that I assume your proposal would make is that that advances the system that currently is in place, this revised reform system, advances pretrial liberty rather than encumbering it. Well, it's not all or nothing, Your Honor. We're not trying to take out the entirety of the Reform Act in New Jersey, and to the extent there are provisions in there that help people who are being detained because they can't postpone, nothing in our challenge takes those out, and they are not mutually exclusive. We are just saying that in determining what are the least restrictive set of conditions, that you can at least consider monetary bail. The legislature of New Jersey in its findings made specific findings that that system that you are proposing actually works out adversely to racial minorities and to those who are indigenous. Judge Flint, I don't believe they did. I think they were considering the preexisting system, and the preexisting system Let me read to you what it says. This is a finding of the committee, the judiciary, the legislature, and the governor of New Jersey. New Jersey's present resource-based pretrial release system adversely affects poor defendants and members of racial and cultural minorities. Exactly, Your Honor. They were talking about the preexisting system. They are not talking about the system that I'm talking about, which effectively would take all of these reforms, but would make one tweak that would make a huge difference for people like my clients and would not injure the interests of all of those other people, which is put bail as part of the mix, and the great thing about the parts of the statute we don't take issue with. But that's, again, going back to a resource-based system, which is exactly what the state was trying to get rid of. No, no, the old system was exclusively resource-based. Everybody was guaranteed a bail bond, and pretty much nothing else. It was, you're right, but it's the way it operated that resulted in the disparities. Exactly, and they fixed that. So think about the system that we would be essentially proposing because it's consistent with the Constitution. The judge considers monetary bail as part of the mix. If the judge decides that the least restrictive conditions for this individual don't even include a monetary bond, but they at least thought about it, then there's no problem. It doesn't even deviate from what would happen in that particular case. But consider somebody like Mr. Holland. He looks at this and says, we don't need to put this guy under house arrest. He can post a $20,000 bond. He does that, nobody languishes in prison, and his liberty is protected. Now, suppose they look at somebody else and they say, $20,000 bond, and that individual can't afford it. The law still has other provisions that allow them to go back to the judge and say, I can't afford this, I need something else. You have argued in other contexts the importance of respecting legislative findings. You're suggesting in this case that we need not respect the findings of the New Jersey legislature when it enacted these provisions? I just think you need to read them carefully, and I don't mean any disrespect by that. But as I read those findings, they're talking about the preexisting system. And what I'm talking about is the best of both worlds. But I'm not up here as some model legislator. I'm just telling you I believe that what they've done with the best of intentions violates the Constitution. But it doesn't violate the Constitution wholesale. It violates the Constitution in a very particular way, which is it takes monetary bail off the table entirely. And it forces the judges to do something that I don't think the Constitution permits, which is it says, pick the least restrictive set of these conditions, but don't look at this at all. Even if it could be part of the most liberty-protecting option for this particular individual. Suppose they don't see him as a flight risk. They see him as a danger to the community, a future dangerousness, and they impose these conditions. That's unconstitutional. In fact, he was found, PML-3, right? Well, he wasn't found anything. He agreed to that. Well, he agreed to that because he wasn't given an opportunity to contest it as part of a process where monetary bail would be an option. Because he could have gone forward with a hearing. But it wasn't a constitutionally compliant hearing because monetary bail wasn't on the table at all. Well, let's go back to the question. If he's found dangerous, what does money bail do to secure against a dangerous individual? In New Jersey's view of it, and I don't need to take issue with it, and I don't want to concede it, but New Jersey's view is that bail exclusively addresses flight risk. I don't think the government has ever taken the position that Holland poses zero flight risk. And so flight risk isn't even part of the analysis. I don't think they've ever taken that position. I don't think even if they did, it would do anything to Mr. Holland's standing at this point because he'd still be denied a constitutionally sufficient hearing. If the trial was invalid, I don't have to show that my client would be acquitted on retrial. I have enough standing to get a constitutionally compliant proceeding. Now, I tend to think that if there had been a proceeding where bail was on the table, that there might have been an option with Mr. Holland to say, look, flight risk is completely addressed by this bond. We still need to do something to address future dangerousness. Maybe he gets electronic monitoring and not home arrest. Maybe he gets something else. But at least it's a fair shot because they truly are imposing the least restrictive conditions of confinement. I thought your big concern of the two, you were more concerned with electronic monitoring because they find out everywhere he goes as opposed to house arrest. Well, but I'm pretty concerned about both of them, and I have to think both of them at least trigger a liberty interest that's protected by the Due Process Clause and is probably protected by the Fourth Amendment as well. But my point is simply it's one thing if they impose that based on the conclusion that it's the least restrictive way to accomplish their objectives. But for them to impose it under this statute where they don't have to conclude that it's the least restrictive means of accomplishing their objectives, it is a matter of fact that they could have accomplished their objectives if they had been able to consider monetary bail and not impose, let's say, the electronic monitoring. If that's a guaranteed fact, they still can't do that. They have to impose the electronic monitoring. And this is really the second point I wanted to make at the outset, and I realize I'm already over my time. But they're doing all of this based on no heightened showing at all. And I think just to take a step back from this. What if he had been released without electronic monitoring? But it's still under home arrest. Yes, yes, still. Well, I think I'd still have a very similar argument. But that would be better. Or maybe if what allowed him to have only home arrest is because there was also a bond to address the flight risk, that's going to be a better package for him. But what you have here is something. I think if you just take a step back and think about this. He is a presumptively innocent individual. He is under home arrest with electronic monitoring. But those are conditions that can be imposed in any circumstances. Somebody charged, for example, with domestic violence could be asked to wear a monitor and could be assigned to maybe not home arrest, but go somewhere else. Well, sure, and if they're done that, like in the federal system. Would you say that person is entitled to monetary bail? As part of the mix. And I don't mean as part of the ultimate mix that's imposed. But the federal system doesn't blind the judge and say you can never even consider whether monetary bail is part of the least restricted conditions. The measures imposed are really to prevent further problems. So they seem to be reasonable and don't seem to require monetary bail. But the judge will consider them. I mean, look, in a particular case, if you thought about a bond and you said, no, the bond's not the right solution for this case. What I'm the judge most concerned with in this case is keeping this person away from their spouse. That's all I'm concerned with. All right, a bond's not a good fit for that case. But there are going to be other cases where what's really driving it is flight risk. In that case, the bond is going to be the perfect solution, and yet the judge can't impose it, and the statute forces him, the judge, to impose these much more draconian conditions of release. And with all due respect, I think the system has become a little too comfortable with the idea that you can impose house arrest and ankle monitoring without some kind of heightened shelling. But had he not accepted the terms of release and challenged them, couldn't he have made the argument that part of the package should include monetary conditions and less onerous GPS or home confinement? Not under the statute. I mean, could he have made a constitutional challenge in New Jersey court? Yes. He agreed to these conditions. Couldn't he have asked for a hearing and proposed those sorts of conditions? No, not unless he challenged the constitutionality of the statute. But under the statute, there was no way for him to ask for a hearing that said, I don't want to be under house arrest, or I don't want the electronic monitoring, because that is going to cause me to give up my second job. I really want a monetary bond. I'm happy to post it in whatever amount we think is necessary, because if you give me the bond, I'll be able to keep my second job. So I'm in a position to post, and I want to do that to take all the flight risk considerations off the table. He could not do that under New Jersey law. That's not this case, though, is it? Yes, that's this case in a nutshell. He had two jobs? Yes. And he had to get one of them up because one of them was across the state line. And I think the point is that there is a structural facial problem with this statute that's relatively easy to fix, which is don't tell a judge to pick the least restrictive conditions of confinement and take monetary bail, which is whether you love it or hate it, it's been part of the mix for 200 years. Don't take that off the table when I think you go to a moral certainty that in some cases it would be part of a mix that would be the least liberty-restricting set of options. And I'll just close by saying this is just the exact reverse of the problem the Ninth Circuit had in the Hernandez case, where the only thing on the table was monetary bail. And they said that doesn't make any sense, because in some cases the least restrictive alternative is going to be non-financial. This is just the reverse of that. Thank you, Your Honor. Thank you. Thank you. Mr. Feinblatt. Good afternoon, Your Honors. I think you've already highlighted some of the- Just for the record, you better note- I'm sorry, Stuart M. Feinblatt, Assistant Attorney General on behalf of the defendant's appellees. Thank you. I think Your Honors already highlighted some of the motivations behind the New Jersey legislature in carefully considering the prior system of criminal justice in New Jersey, a system which unfortunately was focused on monetary bail and guaranteed essentially that all defendants would be eligible for monetary bail, regardless of the danger that they posed to the community or their ability to meet the bail. And that system created two major problems. First, defendants with sufficient financial means often were released on bail, even when they posed a substantial risk of danger to the community. Secondly, many poor defendants who had minor charges but didn't have the financial means languished in jail, even if they could not pose modest means of bail. So New Jersey looked at that system and said, this system is discriminatory, it's unfair, it does not protect the public, and it's very costly. And I'm not sure there's any real argument with that. I think, as I understand the argument, that is when you consider the least, so-called least restrictive conditions, and you start off with a sort of list- Yes. goes up as it down. Right. The owner cognizance, unsecured bond, non-monetary conditions such as we have here, Right. money bail, and then a combination of them. Right. Why cannot a court consider each case on its own defendant and consider on the same level playing field money bail along with others? Because, in certain cases, it may be the way to go. Well, the New Jersey legislature evaluated that after getting the report from the joint committee, had looked at the bitter history that New Jersey had had with monetary bail, and said, we're going to go with a system which will deprioritize, if that's the word, monetary bail, but not eliminate it. We want a system where non-monetary conditions will be considered first. Monetary bail is still in the mix, but we want the court to consider whether non-monetary conditions will reasonably assure the three goals that the government is seeking. Did you say that monetary bail is still in the mix? It is still in the mix. It is used. It is used rarely. And the reason why that is, if I could explain, monetary bail, as has been pointed out, is only used for one of the three concerns of government. Again, flight risk, safety, obstruction of justice. It's only used for flight risk. In situations where somebody is the hypothetical flight risk only that Mr. Clement talked about, who is, let's say, a financial crime issue, not a dangerousness issue, under the system that we use with the PSA and the DMF, they have to evaluate the issue of failure to appear and dangerousness and come up with a score. That kind of person who only has a flight risk will never get to PML 3+. They will never be in a situation where the option, the very rare option, of electronic monetary home detention is being used. That person will be in a situation where the court must likely say, you know what, you've got to call in every week. You've got to appear every other week. Some lower level of situation. PML 3++ is not used typically for somebody who is just a flight risk. In fact, under the standard, it would never be used for such a person. It's used for somebody who presents an extreme danger to the community and has other dangerous attributes. That is why the data that's been presented at the end of the first year for our system shows that only about 8.3% of criminal defendants are put on PML 3+. Could you address Mr. Clement's point that a person like Mr. Holland has a constitutional right to bail in this case? He has absolutely no constitutional right to bail. First of all, we talked about cash bail. I think the trial court got it right. The Salerno court, of course, the United States Supreme Court got it right for four major reasons. There's no right to cash bail under the Eighth Amendment. Why is that? Four reasons. One, the language of the amendment. Two, it doesn't flow logically from the amendment. Three, there are no cases supporting it. This very court held before Salerno that there's no absolute right to cash bail. Also, the history of the excessive bail clause does not support it. We start with the language of the provision. There's no affirmative right to anything. What it says is that excessive bail shall not be required where excessive fines imposed or more cruel and unusual punishments inflicted. This court said in Sistrunk, and I quote, Unlike most guarantees in the Bill of Rights, it is not the naked right to bail which we deal. Rather, it is the right to be free from excessive bail, end quote. Compare it to the Sixth Amendment, which has an affirmative right, where it says in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. That's an affirmative right. If we take Mr. Clement's argument to its full conclusion, I would read the Eighth Amendment and say not only is it an affirmative right to bail, but guess what? Criminal defendants are also entitled to cruel and unusual punishment and excessive fines because this provision also prohibits those elements. This is a provision in the Eighth Amendment. It's talking about excessive conduct by the government. It's not creating any affirmative rights on any individual criminal defendants. So Mr. Holland apparently has fairly decent roots in the community. Yes. Apparently has no significant prior record, has two jobs, and was required to forfeit one of those jobs simply because he couldn't have... He was cross-examined. I don't know if that's on the record. He wasn't required to forfeit anything. He made a decision. I heard an argument. He made a decision to forego his court appearance. This is a gentleman who was represented by counsel, made the decision not to go forward. If he had gone forward, he could have made the argument, for example, that I'm not really presenting a dangerousness situation. Yes, I've been charged with a serious violent crime, but I didn't have... He could make his arguments, and it's possible he may not have been required to have home detention. However, he weighed that right. Is it possible that he could have had his hearing and argued to the judge that some amount of cash bail is appropriate in exchange for less onerous restrictions? He could have made that argument? He could have made that argument. The court has the ability to look. Yes, they're supposed to consider non-monetary conditions first, but they have to find that those non-monetary conditions reasonably assure. That's the word with three conditions. If for some reason they got to the issue of flight, and he says, look, I have no history of flight here, although we must point out when he committed the alleged crime, he left the scene, went home, the police found him in his house with blood, fresh blood on his clothing. But if we take that away, he could have argued I'm not a flight risk. It is not reasonable assurance for me to be on an electronic monitor. He could have made that argument, and the court might have said we'll impose monetary bail. So cash bail was not off the table. He negotiated. Cash bail was not off the table, and he could have pursued it. He could have. And he could have argued to put some cash bail in lieu of the home confinement or in lieu of the GPS card. Absolutely. He would have to demonstrate to the court, yes, the court would first consider. Are you sure it was a negotiation or there was a take it or leave it offer? I believe they were negotiating. There was a motion for detention. Yes. And the impression given by, in some quarters, was that there was, you're going to go to PML 3 plus, and that's it, and then you won't go with the hearing, and so be it. Well, they negotiated that. I don't know all the details. That's not on the record. He could have made a motion. He could have gone to court and tried to make the argument that I'm really, first of all, not a flight risk. I'm not dangerous. You're over-conditioning me. He didn't make any of those arguments. So, Mr. Kramer, the judge in a case like this could have entertained a motion for cash bail. I'm sorry? In a case like this, the judge could have considered a motion for cash bail in lieu of the other restrictions. Is that really true? He could have considered, again, under the statute. He could have considered it, but under the statute. Could he have ruled in favor of Mr. Holland and given him a cash bail in lieu of the other restrictions? I don't think he would ever have issued only one restriction because there were other concerns. You're saying it might have been a combination. It was issued with a combination. We don't know what would have happened. But on the issue of dangerousness, that was clearly a major concern here, and that's why he got the flag for new violent criminal activity. Yes, he was under risk of pretrial detention. But on the issue of the cash bail, that only goes to the issue of flight risk. He might have been able to argue to the court, you know what, those non-monetary conditions. He could have argued, you know what, you don't have to put a monitor on me. I'm not a flight risk. Just have me call in every other week or whatever, which is what was imposed on him. But he never took that opportunity. So, therefore, it's our position that he waived that right. Mr. Clement argues that he was never, wasn't a fair playing field and that the hearing was constitutionally defective because cash bail was a subordinate condition to all the others. What do you make of that argument? Well, I think very little of it because we have to look at the picture here. Cash bail can only be used for one of the three interests of the government, which is the issue of flight risk. The major concern on the table here was the issue of dangerousness. He had committed a violent crime where the victim had to go to the hospital. He fled the scene. He had a prior disorderly person's offense for simple assault. The focus here wasn't on flight risk, I don't believe. It was on dangerousness, which is an issue that cannot be addressed with criminal bail. But if you're a flight risk and the focus was not on flight risk, then why can't you get cash bail? I'm sorry? You said the focus, you can only get cash bail if there's a flight risk. Correct. But here there was not a focus on flight risk, but more on dangerousness, then why not consider money bail? It might have been considered in the mix in addition to the other conditions. That's why we're arguing, in fact, that Mr. Holland does not have standing here because the issue of dangerousness would have to be addressed through the conditions that he is challenging here, which are the imposition of home detention, electronic monitoring. Just to get this clear, cash bail is not off the table. He could have asked for cash bail. He didn't go through his hearing. He might have asked for that. The statute itself doesn't bar the imposition of cash bail. No, it's not banned. It is certainly not the first resort or the second resort. It's disfavored. It's absolutely in there. I believe the annual report indicated there were 44 cases where cash bail was imposed. However, Mr. Kovic did not ask for cash bail. No, he did not. He made a negotiated deal with the advice of counsel and decided to go with PML 3+. That's correct, which includes home detention, electronic monitoring. Our position is that he doesn't have standing because the dangerous component would have had to have been addressed with electronic monitoring, home detention. Our position is that even if he's successful in arguing, give me money bail, it would be on top of the conditions that were imposed. As I say over and over, he could have argued, you're over-viewing my dangerousness. Do not impose these conditions, but he did not argue them. He's talking about various constitutional arguments. He says, well, substantive process may be my lead argument. Guess what? That argument could only fly here if he could show that there was somehow a fundamental right to monetary bail. That is clearly not the case because we go back to the Eighth Amendment law on the right to bail. In Salerno, the court said, and I need to quote it because I think it's so important. It does say that the Eighth Amendment clause says nothing about whether bail should be available at all. Exactly. And this court said in the Sistrom case, well, before Salerno, and I quote that, for the Constitution does not provide a right to bail per se to which the states must conform. It only sets a ceiling on its employment. So the cases were basically uniform even before Salerno that there was no right to bail. If there's no right to bail, then there could be no argument on the substantive due process clause that there's some type of fundamental right to monetary bail. The issue is certainly there is a prohibition on excessiveness, and we believe that our statute deals with that. In fact, it exceeds that standard because it doesn't just say do not impose excessive pretrial conditions. It says impose the least restrictive, which we submit is even more protective than the excessive bail clause. Thank you very much. Thank you. Mr. Shalom. May it please the Court, Alexander Shalom from the American Civil Liberties Union of New Jersey on behalf of the Civil Rights Amici. I should start by saying it's strange for me to be here. It's not the normal position of the ACLU to stand with the state and against a criminal defendant. But the Civil Rights Amici recognize that money bail in New Jersey had been a civil rights disaster and that the Criminal Justice Reform Act, however imperfect, is a great stride forward in the cause of justice. What procedures does a criminal defendant have under the Criminal Justice Reform Act to contest the court's determination of their dangerousness? Thanks. I think that's a critical question, and I think Mr. Clement has it wrong. Defendants are entitled to a right to counsel. They're entitled to appeal. They are entitled to a finding that the conditions are both necessary and the least restrictive. Mr. Holland waived such a hearing. Aren't they entitled to some limited discovery? They are entitled to not even limited discovery, quite extensive discovery, more discovery than you get in federal court before trial at a detention hearing, but not at this preliminary hearing prior to the detention hearing. Just to be clear, when Mr. Holland appeared in court, the state sought detention. That would not have triggered a detention hearing that day. It would have triggered one three days hence. So is the defendant entitled to more processes, as it were, in New Jersey than if they were charged in federal court? It's not close. The answer to your question is yes, and it's not close. I want to say one thing because Mr. Clement said one reason that Mr. Holland hasn't taken his ability to ask for a motion to reconsider the conditions is because that might alter the speedy trial clock in ways that are detrimental to him. That is simply incorrect. The speedy trial statute, which is part of the Criminal Justice Reform Act, applies only to defendants who are detained. They are in custody. They have speedy trial protection under the statute. Otherwise, they have the Barker v. Ringo reasonableness test. So there is no speedy trial clock ticking for Mr. Holland, whether or not he seeks the process to which he is entitled in state court. Is it the case, Mr. Shulman, that Mr. Holland could have asked for a cash bail, could have made a motion for bail, and the court would have detained him? In other words, the statute doesn't prevent a judge from considering a cash bail. I actually take a slightly different view than the state on this. I think Mr. Feinblatt is right because he's speaking practically. I think Mr. Clement is right to the extent that the statute says you can't consider cash until you've rejected GPS monitoring home detention. But since we know 44 defendants have received money bail, we know that judges are finding a way to make it work, to provide that individualized determination that Judge Ambrose was talking about in a particular case. But I think the critical thing is that is only for the rare set of defendants where the only concern, or one of the concerns, is whether the... And that's not Britain Holland, and I think I can inform the court how we know that for sure. We know that for two reasons. The first reason is Judge Stamandel made a factual finding, and that factual finding is entitled to deference on review absent a finding of clear error. But most critically, Mr. Holland came in with risk assessment scores of two on the failure to appear and two on the new criminal activity. Those are relatively low scores that would on their own engender a recommendation of release in his own recognizance. However, by virtue of the current charge and his previous criminal history, Mr. Holland also had a flag which indicated an elevated risk of new violent criminal activity. That flag transformed the recommendation from release in his own recognizance to detention. So we know that the work, the concern about Mr. Holland that is triggering either detention or these conditions is about the risk that he's going to commit a violent crime. And it's funny. Mr. Clement says all we want is two options. Give everyone two options of either money or these non-monetary conditions. Imagine a judge saying to someone, stay away from your ex-girlfriend who you're accused of beating up. I'm issuing a no-contact order. Well, but of course, if you pay $50,000, you can see her all you want. That's preposterous. No one would suggest that you have the ability to buy your way out of conditions that are designed to protect public safety because as the New Jersey legislature found, there is no correlation between money and public safety. But Mr. Clement, should a round-the-house arrest and monitoring be imposed on non-dangerous defendants? I think Mr. Feinblatt is correct that when you look at the decision-making framework, the only people for whom there's a recommendation of either detention or PML 3 plus are those who have an elevated risk of either new criminal activity or violent criminal activity. If your only concern is failure to appear, so a theoretical tax evading defendant, that person would not get a recommendation. Now, the recommendation is non-binding, but the recommendation from the decision-making framework to the judge would not be home detention or electronic monitoring for that hypothetical flight risk only. So concerns about whether somebody's going to come back to court or not, if that's insured in court, then in that case, a bail can be given, a cash option. A cash option either on its own or in combination, and 44 times in 2017 New Jersey courts did so. Only in that circumstance. Correct. The New Jersey legislature made a finding that there is zero correlation between money and public safety. I think that is a finding that is well-supported by the evidence compiled by the joint committee, and that's their finding. They said you can't use money to protect public safety. You can only use it to ameliorate flight risk. In closing, I just want to say, New Jersey was not just constitutionally permitted to pass the Criminal Justice Reform Act. They were wise to do so. Thank you. Thank you. Mr. Clement. Thank you, Your Honors. Just a few points in rebuttal, but if I accomplish nothing else in this rebuttal, let me be as clear as I can that Mr. Feinblatt is not correct that you can consider, that a judge can consider monetary bail unless and until that judge has found that every non-financial condition, up to and including a house arrest and an ankle monitor 24 hours a day, will not do the trick. That is the only way to read the statute, and the very first provision of the statute, and I will quote it, says, monetary bail may be set for an eligible defendant only when it is determined that no other conditions of release will reasonably assure the eligible defendant's appearance in court when required. You have to exhaust the non-monetary conditions, and when the non-monetary conditions you have to exhaust include home arrest and electronic monitoring, monetary bail is only in the mix in a very theoretical sense. And a second point I want to be very clear about is the only record of evidence that I think really tells you why these conditions were imposed on Mr. Holland is on Joint Appendix 181, and it's the order releasing him on his recognizance with his conditions, and it says that these conditions will reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community, and that the defendant will not obstruct or attempt justice. Now, they're reciting the three factors that are the government's interest under the statute, but based on this, at least part of the mix that they considered was ensuring that he would appear in court. And as long as they're considering that as part of the conditions they're imposing, it seems to me that there is a constitutional obligation for them to at least consider monetary bail as part of the mix. What if they didn't see him as a flight risk, so you didn't need the money, but you needed the other conditions to satisfy the other concerns? Again, I didn't agree with much that Mr. Feinbach said, but he didn't say that Mr. Holland was not a flight risk. That is part of the mix. And so, unless they want to stipulate that Mr. Holland is absolutely positively not a flight risk and none of the conditions had anything to do with that, then I think they should have considered that as part of the mix. And that's all we're asking for. The other point I want to make very clear about is my friend from the ACLU talked about all of these wonderful procedures, including the right to clear and convince the evidence and an automatic appeal. That's for finding a future dangerousness in order to incarcerate somebody. But if you make a finding of future dangerousness sufficient to put somebody under home arrest and 24-hour monitoring, none of that applies. Not clear and convincing evidence, no automatic right to appeal, and that's the hearing that my client foregoed. And that is a constitutionally deficient hearing. And if there's one way to summarize, I think, one of the problems with the New Jersey system, monetary bail is off the menu, and they treat home arrest and 24-hour monitoring as if it has more in common with a once-a-month reporting requirement than with incarceration. And in reality, the difference in the impingement on the liberty of a presumptively innocent individual is radically different. Thank you. Thank you very much. Thank you to all counsel for very well-presented arguments and also very well-done briefs. I would ask if counsel would get together with the junk's office and have a transcript of this whole argument. We'll take a recess and come back in about 3-3.